Shauck, J.
The statutory definition of the crime for which Carl' was indicted is found in section 6816 of the EeviSed Statutes:
“Whoever has carnal knowledge of a female person, forcibly and against her will, or, being eighteen , years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape.”
The ruling of the judge of the court of common pleas must have been prompted by the view that the phrase “with her consent” defines an essential element of the crime charged. At least that view pervades the brief in support of the ruling. To justify the ruling it is essential that the view be maintained since a variance is a disagreement between the allegations and the proof in an essential matter. In this view the omission of the phrase “with her consent” would have rendered the indictment fatally defective because of the failure to charge an essential element of the crime. It imputes to the legislature an intention to make an act of the character of this a crime if committed with consent, although under the circumstances it would not be if committed without consent. Obviously the terms of the statute do not require that it be so astonishingly interpreted. In this regard the effect of the statute is to nullify the consent of the female under sixteen years of age. It is as if with respect to such persons the provision was that the crime shall be complete notwithstanding her consent. To say that the view taken by the judge of the court of common pleas is necessary in order that the accused may have proper opportunity to prepare his defense is only another mode of presenting the same misconception of the statute. The essential elements of the crime charged are the' com *266 mission of the act by a male person more than eighteen years of age upon a female person less than sixteen years of age. Certainly the accused was to be tried for the offense charged and no other. It being alleged that the act was committed .with consent, it was not competent to show that it was done otherwise. The jury should have been instructed to return a verdict of guilty if the evidence established the offense charged but otherwise to acquit. The accused was not entitled to an opportunity to prepare to prove a fact which if proved would have left him guilty of the offense charged. The supposed necessity for proving that the act was done with consent was disposed of by the terms of the indictment, and it would have been obviated by the exclusion of incompetent testimony and by the proper instruction as to the circumstances under which the jury should convict or acquit.

Exception sustained.

Spear, C. J., Davis and Summers, JJ., concur.